UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ NOV 23 2011 ★

BROOKLYN OFFICE

UNITED STATES OF AMERICA,

- against –

RICARDO PALACIOS,

Defendant.

11-CR-393

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior United States District Judge:**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in Section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from that provided by the Guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in a statement of reasons form." *Id.* Even though the Guidelines are now "advisory" rather than mandatory, *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons is to be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "'considered the parties' arguments' and that it has a 'reasoned basis for exercising [its] own legal decisionmaking authority.'" *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (alterations in original).

1

On July 14, 2011, Ricardo Palacios pled guilty to Count One of a single-count indictment. The indictment charged that on or about April 17, 2011, within the Eastern District of New York, Palacios, an alien who had previously been deported from the United States after being convicted for the commission of an aggravated felony, was found within the United States, without the Secretary of the United States Department of Homeland Security having expressly consented to Palacios' applying for admission, in violation of 8 U.S.C. § 1326.

Palacios was sentenced on November 17, 2011. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere, as well as the factors and considerations that a district court must evaluate in imposing a sentence in accordance with 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (describing the value of video recording for the review of sentences on appeal).

The court finds the total offense level to be twenty-one and defendant's criminal history category to be category III, yielding a Guidelines range of imprisonment of between forty-six and fifty-seven months. The offense carries a maximum term of imprisonment of twenty years. 8 U.S.C. § 1326(b)(2). The maximum fine is $250,000. 18 U.S.C. § 3571(b)(3).

Palacios was sentenced to a year and a day of incarceration and to three years of supervised release. A special assessment of $100 was imposed. No fine was imposed.

Respectful consideration was given to the Sentencing Guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence was "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-Guidelines sentence under 18 U.S.C. § 3553(a) and *Booker*.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Defendant's offense is a serious one, and he has a history of criminal activity. Most of defendant's crimes, however, occurred over ten years ago. After being convicted of attempted murder and serving more than three years in prison, he was deported from the United States to Mexico in 2003. He returned to this country in 2007 to find employment. He found employment shortly after he returned to this country, and worked until his arrest in April 2011 as a laborer for a renovation and maintenance company. Defendant does not have close relationships with his parents, and was physically abused as a child. He has a good relationship with his brother, who lives in New York, and spent a great deal of time with him, as well as with his brother's children, before his April 2011 arrest. Defendant is married; his wife resides in Mexico. Defendant's wife is supportive of him and they talk frequently. At his sentencing hearing, defendant informed the court that he seeks to return to his wife, live with her in Mexico, and have children.

Mr. Palacios appears to be remorseful for his actions, and has largely abstained in recent years from the criminal activity of his youth. A sentence of a year and a day of incarceration, as well as the supervised release required, reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under 18 U.S.C. § 3553(a)(2)(B), there are two important factors to be considered by the sentencing court: specific and general deterrence. General deterrence is effectuated by the term of incarceration imposed. The sentence will send a clear message that illegal reentry, after being deported after having committed a felony, will result in punishment. The defendant's incarceration will also serve to further the goal of specific deterrence. The court hopes that the

3

defendant will refrain from further criminal activity in light of his family ties and his regret for his past misdeeds.

Jack B. Weinstein
Senior United States District Judge

Dated: November 17, 2011
       Brooklyn, New York